IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00338-CYC

ALBERTO CHAVEZ CHAVEZ,

      Petitioner,

v.

ROBERT HAGAN, Field Office Director, Denver Field Office, Immigration and Customs Enforcement;
JUAN BALTAZAR, Warden of Denver Contract Detention Facility;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and
PAMELA BONDI, U.S. Attorney General;

      Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Albert Chavez Chavez, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D.

1

Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). The petitioner seeks release either on his own recognizance or on the bond ordered by an Immigration Judge at a July 14, 2025 hearing, which was memorialized in a written decision dated August 6, 2025. ECF No. 1 at 16; ECF No. 1-1 at 4 (setting a $10,000 bond and allowing Immigration and Customs Enforcement to "impose conditions that it deems appropriate").

The petitioner, a citizen of Mexico, has lived in the United States for several years. He entered the United States on or about February 10, 2012. ECF No. 1-1 at 2. "He was not apprehended shortly after his entry, and there is no evidence he was ever detained under section 235(b) of the INA [codified at 8 U.S.C. § 1225] or granted parole under 212(d)(5)(A)." *Id*. at 2–3. As a result, an Immigration Judge concluded on July 14, 2025 that it had jurisdiction to consider his bond request. *Id*.; ECF No. 1-2 at 4 (noting that the decision was granted on July 14, 2025, but the written memorandum was issued on August 6, 2025). The Board of Immigration Appeals sustained the Department of Homeland Security's objection to that conclusion on the ground that the Immigration Judge lacked authority to consider the bond request because the petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 1-2 at 5. Following that decision, the petitioner appeared before another Immigration Judge who granted his application for cancellation of removal. ECF No. 1-4 at 2–6. That judge considered not just the documentary evidence, but testimony from the petitioner and his wife at an October 15, 2025 merits hearing. *Id*. at 3.

An Immigration Judge has already found that if the petitioner is detained under 8 U.S.C. § 1226, he qualifies for release on bond, and the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, they maintain that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). ECF No. 11 at 2–3.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 ¶¶ 41–57. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with that ruling." ECF No. 11 at 1. The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the petitioners contend that the Fifth Circuit's recent decision in *Buenrostro-*

*Mendez v. Bondi*, --- F. 4th ----, 2026 WL 323330, at *5–10 (5th Cir. Feb. 6, 2026), makes a difference, *see* ECF No. 11 at 2, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to maintain the consensus that exists in this District. *See Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026). Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention is therefore a violation of due process.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 16. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the respondents shall **RELEASE** the petitioner subject to the bond conditions set by Immigration Judge Gardzelewski in his August 6, 2025 Written Decision and Order, ECF No. 1-1, and

4

(2) the respondents shall file a status report within **seven days** stating whether the

petitioner has been released on bond.

Entered and dated this 12th day of February, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge